# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2165

———————

Melvin A. Schutter,                  *

                                    *

         Appellant,           *

                                    *     Appeal from the United States

      v.                          *     District Court for the Eastern

                                    *     District of Arkansas.

Michael J. Astrue, Commissioner     *

of Social Security Administration,     *     [UNPUBLISHED]

                                    *

         Appellee.            *

———————

Submitted: December 24, 2008
Filed: January 12, 2009

———————

Before MURPHY, BYE, and BENTON, Circuit Judges.

———————

PER CURIAM.

Melvin Schutter appeals the district court's[1] order affirming the denial of his applications for disability insurance benefits and supplemental security income, which he had sought based on his spinal stenosis and chronic back pain. Following a hearing, an administrative law judge (ALJ) determined that Schutter was not disabled within the meaning of the Social Security Act because (1) the medical evidence established a degenerative disc disease with spinal stenosis and a history of alcohol

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

abuse, which were severe impairments; (2) the impairments alone or combined did not meet or equal one of the listed impairments; (3) Schutter's subjective complaints were not fully credible; and (4) his residual functional capacity (RFC) for sedentary work did not preclude him from performing his past relevant work as an information service supervisor or director of marketing sales, both of which were skilled jobs performed at the sedentary level according to the testimony of a vocational expert. The Appeals Council denied review, the district court affirmed, and Schutter appeals, arguing that the ALJ gave inadequate weight to the treating physician's opinion regarding his limitations, and erred in discounting Schutter's subjective complaints. Following careful review, we conclude that the ALJ's decision was supported by substantial evidence on the record as a whole. See Casey v. Astrue, 503 F.3d 687, 691 (8th Cir. 2007).

In particular, the ALJ noted that a treating physician's opinions were normally accorded special deference, but that such opinions were not binding on the Social Security Administration if--as here--they were not supported by clinical findings and the record as a whole. See 20 C.F.R. §§ 404.1527(d)(2)-(6) & (e), 416.927(d)(2)-(6) & (e) (factors in determining weight to give treating physician's opinion include length, nature, and extent of treatment relationship; whether opinion is supported by relevant evidence; and whether physician understands disability programs); Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (ALJ may elect in certain circumstances not to give controlling weight to treating physician's opinion); Ellis v. Barnhart, 392 F.3d 988, 994-95 (8th Cir. 2005) (final RFC determination is left to ALJ). In addition, the ALJ did not err in assessing Schutter's credibility with regard to his subjective testimony, a factual determination to which this court normally defers. See Casey, 503 F.3d at 696 (ALJ's credibility determination is entitled to deference if based on good reasons).

Accordingly, we affirm the judgment of the district court.

_____